IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JODI NAIG, et al.,

            Plaintiffs,

v.     CIVIL ACTION NO.   2:14-cv-05203

BOSTON SCIENTIFIC CORPORATION,

            Defendants.

ORDER

Pending before the court is plaintiffs' Motion for Relief from Judgment [ECF No. 18]. This motion is brought pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is **GRANTED**.

I.    **Procedural and Factual Background**

On April 11, 2018, Boston Scientific filed a Motion to Dismiss [ECF No. 9] due to a failure to file a Plaintiff Fact Sheet as required by Pretrial Order #175. Plaintiffs failed to respond to that Motion. I denied that Motion, giving plaintiffs an additional 30 days to file her Plaintiff Fact Sheet. [ECF No. 10]. Plaintiffs did not file a Plaintiff Fact Sheet in this time. Boston Scientific again filed a Motion to Dismiss on the same grounds, noting plaintiffs' failure to file a Plaintiff Fact Sheet as directed by the court. [ECF No. 12].

I granted that Motion on July 19, 2018, closing the case and directing the clerk to strike it from the docket. [ECF Nos. 15 & 16]. On August 30, 2018, 42 days after I entered the order dismissing the case, plaintiffs filed this Motion for Relief from

Judgement. [ECF No. 17]. Boston Scientific failed to respond, and this Motion is ripe for decision.

## II. Legal Standard

Plaintiffs bring this Motion under either Rule 59(e) or in the alternative, Rule 60(b) of the Federal Rules of Civil procedure. "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 124 (2d ed. 1995)).

Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Here, plaintiff brings this motion under the first enumerated reason, which permits a district court to grant relief from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A motion brought under Rule 60(b)(1) must be brought "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

"In order to obtain relief from a judgment under Rule 60(b), a moving party must show that [her] motion is timely, that [she] has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. If the moving party makes such a showing, [she] must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894 (4th Cir. 1987). "A party that fails to act with diligence will be unable to establish that his

conduct constituted excusable neglect pursuant to Rule 60(b)(1)." *Robinson v. Wix Filtration Corp.*, F.3d 403, 413 (4th Cir. 2010).

### III. Analysis

First, I **FIND** that this motion is timely because it was filed within one year of the entry of judgment. In her Motion, plaintiffs' counsel explains that CM/ECF notifications for this case were being sent to the e-mail address of an attorney who had recently left their firm prior to the first Motion to Dismiss being filed. Two attorneys, Mr. Gingras and Mr. Thompson, both believed that the other was receiving the notifications for this case.

I have previously held that a failure to monitor e-mail addresses did not warrant overturning my judgment under Rule 60(b)(1). *In re Am. Medical Sys., Inc., Pelvic Repair Sys. Liab. Lit.*, 2:14-cv-28603, 2017 WL 2350230 (S.D. W. Va. May 30, 2017). But there is a notable difference in this case. Here, plaintiffs have asserted that in the time that the Motions to Dismiss were pending, plaintiffs were actively communicating with defense counsel and working to schedule depositions. [ECF No. 18, at 2]. Plaintiffs have provided affidavits and copies of e-mails in support of this claim. [ECF Nos. 21, 21-1].

I find that despite plaintiffs' counsel's neglect in the management of CM/ECF notifications and monitoring of email, plaintiff's counsel was diligently acting to prosecute plaintiffs' claims and therefore, plaintiffs' counsel's neglect is excusable under Rule 60(b)(1). I further find that granting this motion does not prejudice defendant because of defense counsel's failure to respond to plaintiffs'

3

communications during the pendency of defendant's Motion to Dismiss. [ECF No. 17, at 2].

## IV. Conclusion

Plaintiffs' Motion for Relief from Judgment [ECF No. 18] brought under Rule 60(b)(1) is **GRANTED**. The court **DIRECTS** the Clerk re-open this case, returning it to the active docket and to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 28, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE